**John Randolph PEEPLES, Jr., Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**John R. PEEPLES, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

Nos. 85–1243, 85–1379.

United States Court of Appeals, Fourth Circuit.

Submitted June 7, 1985.

Decided Aug. 5, 1985.

John Randolph Peeples, Jr., appellant pro se.

Glenn L. Archer, Jr., Chief Appellate Section, and Michael L. Paup, Asst. Atty. Gen., U.S. Dept. of Justice, Fred T. Goldberg, Jr., Chief Counsel, I.R.S., Washington, D.C., for appellees in No. 85–1243.

Mark Muedeking, Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., and Glen E. Craig, Asst. U.S. Atty., Columbia, S.C., for appellee in No. 85–1379.

Before PHILLIPS, ERVIN and CHAPMAN, Circuit Judges.

PER CURIAM:

John R. Peeples, Jr., a "tax protester," appeals from a Tax Court decision upholding an Internal Revenue Service (IRS) deficiency determination for taxable years 1980 and 1981 and a district court decision sustaining a $500 civil penalty assessed as a result of Peeples' 1982 tax return. The cases have been consolidated for this appeal.

On September 1, 1983, the IRS sent Peeples a deficiency notice which showed tax deficiencies for taxable years 1980 and 1981 of $2552.18 and $3055.51 respectively. In addition to the tax deficiencies the IRS determined that certain additions to tax were due under I.R.C. §§ 6651(a), 6654(a) and 6653(a). In the proceedings below, the Tax Court determined there was no factual dispute concerning Peeples' deficiencies and granted summary judgment for the IRS.

The record indicates that Peeples filed tax returns for 1980 and 1981 which contained the word "refused" on all lines which called for his occupation, items of income, adjustments, credits, payments, other taxes, tax computation, and tax owed or refund due. Above his signature, Peeples explained his refusals were based on the Fifth Amendment and cited *Garner v. United States*, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976). The IRS communicated to him that these returns were unacceptable. Thereafter the IRS estimated his income for 1980 and 1981 and determined his deficiency based on his estimated income. Peeples does not dispute the correctness, or lack thereof, of the IRS' estimates for those years. He merely asserts the legal conclusion that he had no taxable income for 1980 or 1981. The record supports the Tax Court's conclusion that no factual issues concerning Peeples' income for 1980 and 1981 or the deficiencies due are in dispute. The Tax Court was correct in granting summary judgment for the IRS, and we adopt its reasoning. *Peeples v. Commissioner*, No. 33131–83 (Bench Opinion Jan. 30, 1985).

For taxable year 1982 Peeples filed a tax return which also contained the word "refused" on all lines which called for his occupation, items of income, adjustments, credits, payments, other taxes, tax compu-

tation, and tax owed or refund due. He again explained his refusals were based on the Fifth Amendment, and again cited *Garner, supra.* A penalty of $500 was assessed against him by the Secretary of the Treasury pursuant to 26 U.S.C. § 6702(a). He paid $75 of the penalty and filed a claim for a refund which the IRS denied. The district court adopted the magistrate's recommendation and granted summary judgment for the government. A review of the record indicates the district court's decision was correct, and we therefore adopt its reasoning. *Peeples v. United States,* C/A No. 84–391–O (D.S.C. Feb. 26, 1985).

Accordingly, we affirm the judgments below. Because it would not significantly aid the decisional process, we dispense with oral argument.

AFFIRMED.