JOHN R. PEEPLES, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Peeples v. Commissioner
Docket No. 5779-86.
United States Tax Court
T.C. Memo 1986-584; 1986 Tax Ct. Memo LEXIS 21; 52 T.C.M. (CCH) 1167; T.C.M. (RIA) 86584; December 16, 1986. John R. Peeples, Jr., pro se. Thomas R. Thomas, for the respondent. PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d) (redesignated as sec. 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat.    ) and Rules 180, 181 and 182. [1]
*23 Respondent determined the following deficiencies in and additions to petitioner's Federal income and self-employment taxes for the years 1982 and 1983: 1982
1983
Deficiency
$3,155.36
$3,101.30
Additions to Tax
sec. 6651(a)(1)
788.84
775.32
sec. 6653(a)(1)
157.77
155.07
sec. 6653(a)(2)
*   *   sec. 6654
307.16
189.75
In addition, respondent asks this Court to award damages to the United States under section 6673. Petitioner filed a Form 1040 for the year 1982 on which he listed his name, address, and social security number and indicated his filing status as single during that year. On all other lines he entered the word "REFUSED." Under the jurat on page 2 he stated that Refusals under rught [sic] of the Fifth Amendment to the Constitution ( Ref. Garner v. US, 424 US 648, 96 S Ct 1178 1976)
Although the record does not contain petitioner's Form 1040 for 1983, petitioner testified that he filed one containing essentially the same information for that year. On a notice of deficiency dated December 4, 1985, respondent *24 determined that petitioner had unreported business income of $13,929 for the year 1982 and $14,388.25 for the year 1983. The basis of the determination was explained as follows: In the absence of adequate records, your taxable income is figured on the basis of the U.S. Labor Department, Bureau of Labor Statistics for the tax years 1982 and 1983. Accordingly, your taxable income has been increased $13,929.00 and $14,388.25 for the years 1982 and 1983, respectively. After allowing a $1,000 exemption for each year, respondent computed petitioner's income tax using the tax table applicable to single individuals. Respondent also computed self-employment tax on petitioner's unreported business income. On March 5, 1986, petitioner filed a timely petition with this Court [2] alleging that: the notice of deficiency is arbitrary and excessive and, therefore, the burden of proving he had taxable income rests with respondent; he had no taxable income for the years ending December 31, 1982 and 1983; he had filed his income tax returns within the time prescribed by law; he had been harassed, threatened and intimidated by respondent; respondent had attempted to sell petitioner into bonded *25 slavery in violation of the Thirteenth Amendment; respondent denied him due process of law by not providing him with an administrative appeal; he was denied equal protection of the law; and the notice of deficiency was a sham, frivolous and not reasonably related to a reasonable purpose. Petitioner was a resident of Sumter, South Carolina at the time he filed his petition. At trial, petitioner testified that he was in the art business and engaged in welding, cutting and making artistically designed iron gates. However, he denied receiving any gross income from this activity. He did not submit any books, records or other substantive evidence to show the extent of his business, the amount of his income, or the nature and amount of any expense he may have incurred in pursuing this activity. Moreover, although petitioner was in his mid-thirties during the years in issue, owned an automobile and was licensed to pilot an airplane, petitioner testified that his entire support was provided by relatives and friends. *26 He did not produce any corroborating witnesses. In the absence of books and records, respondent may reconstruct a taxpayer's income by any method which is reasonable. Holland v. United States,348 U.S. 121 (1954); Cupp v. Commissioner,65 T.C. 68, 82 (1975), affd. by an unpublished opinion 559 F.2d 1207 (3d Cir. 1977). Respondent determined petitioner's income using data from the U.S. Labor Department, Bureau of Labor Statistics for the taxable years in issue. This method has been upheld when the taxpayer has not filed a return and refuses to cooperate in the ascertainment of his income. Pollard v. Commissioner,786 F.2d 1063, 1066 (11th Cir. 1986), affg. T.C. Memo. 1984-536; Giddio v. Commissioner,54 T.C. 1530, 1532-1533 (1970). Once respondent determines a deficiency, the taxpayer has the burden of proving that respondent's determination is erroneous. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Except for his self-serving testimony (which we find incredible), petitioner did not submit any evidence of his income or deductions for 1982 and 1983. Accordingly, *27 we find petitioner has failed to carry his burden of proving that his taxable income was less than the amount shown on the notice of deficiency. We will not devote much time to addressing petitioner's "tax protestor" arguments since he has presented these same arguments to this Court twice before with respect to his taxable years 1977, 1978, 1979, 1980 and 1981. [3] He is now before us again, with regard to his taxable years 1982 and 1983, on almost identical facts. Therefore, we will only summarily point out that: (1) the income tax is constitutional, Brushaber v. Union Pac. R.R. Co.,240 U.S. 1 (1916); (2) petitioner cannot validly claim the protection of the Fourth or Fifth Amendment under the circumstances present in this case, Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983), affg. T.C. Memo. 1983-12; McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); White v. Commissioner,72 T.C. 1126, 1130 (1979); and (3) petitioner was not denied due process of law, Ginter v. Southern,611 F.2d 1226 (8th Cir. 1979). We consider the balance *28 of his arguments as so ridiculous that they do not warrant any discussion. Besides, petitioner has heard all of this many times before. Further, we find that petitioner is liable for the additions to tax under section 6651(a)(1) for failure to file timely returns for 1982 and 1983. We repeatedly have *29 held that a Form 1040 that does not contain any information relating to the taxpayer's income is not a return within the meaning of section 6011, sec. 1.6011-1(b), Income Tax Regs.; United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970); Kotmair v. Commissioner,86 T.C. 1253, 1259 (1986); Thompson v. Commissioner,78 T.C. 558, 561-562 (1982). For a document to constitute a tax return, it must purport to be a return, it must represent an honest and genuine endeavor to satisfy the requirements for a return, it must contain sufficient data from which the Commissioner can compute and assess the taxpayer's Federal income tax liabilities and it must be executed under penalties of perjury. Automobile Club of Michigan v. Commissioner,353 U.S. 180, 188 (1957); Peeples v. Commissioner,771 F.2d 77 (4th Cir. 1985); Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982). Petitioner's Form 1040 does not meet these requirements. In addition, respondent determined that petitioner is liable for the additions to tax under section 6653(a)(1) and (2) for negligence or intentional disregard of *30 the rules and regulations. The addition to tax provided under section 6653(a) is not applicable where there exists a "bona fide dispute which presents substantial issues of law and fact." Scott v. Commissioner,61 T.C. 654, 663 (1974). Petitioner's claim that disclosure of financial information required on Federal income tax forms would violate his Fifth Amendment right against self-incrimination does not qualify as such a dispute. Accordingly, we hold that petitioner's underpayments for 1982 and 1983 resulted from negligence or intentional disregard of rules and regulations and, therefore, petitioner is liable for the additions to tax under section 6653(a). See Beard v. Commissioner,82 T.C. 766, 780 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986). Respondent also determined that petitioner is liable for the additions to tax under section 6654 for underpayment of estimated taxes. The provisions of section 6654 are mandatory without consideration of reasonable cause unless petitioner brings himself within one of the statutory exceptions. Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980); Estate of Ruben v. Commissioner,33 T.C. 1071, 1072 (1960). *31 Since petitioner has not offered any evidence which would bring him within any of the exceptions, we hold that he is liable for the additions to tax under section 6654. Habersham Bey v. Commissioner,78 T.C. 304, 319-320 (1982). Finally, we must determine whether the United States is entitled to an award for damages under section 6673. This Court is permitted to award damages up to $5,000 where we find that the proceedings were instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in such proceedings is frivolous or groundless. Sydnes v. Commissioner,74 T.C. 864, 870-873 (1980), affd. 647 F.2d 813 (8th Cir. 1981). At trial, petitioner continued to rely on the same "tax protestor" type arguments he has presented and which have been rejected several times before. In addition, we find his testimony that he had no gross income incredible. The record is clear that petitioner has abused the processes of this Court and has wasted its resources. We conclude, therefore, that the proceedings herein were instituted primarily for delay and that petitioner's position is both frivolous and groundless. *32 Accordingly, we award damages to the United States under section 6673 in the amount of $5,000. Abrams v. Commissioner,82 T.C. 403 (1984). Decision will be entered for the respondent.
Footnotes
1. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as amended, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
*. Fifty percent of the interest due on the underpayment of $3,155.36 for 1982 and $3,101.30 for 1983.↩
2. The petition was mailed on March 3, 1986. A petition mailed within 90 days of the issuance of the notice of deficiency is deemed timely filed. See secs. 6213 and 7502.↩
3. Petitioner's first case, involving the years 1977, 1978 and 1979 (docket No. 29345-81) was dismissed pursuant to Rule 104 for failure to obey an Order of this Court on March 28, 1984. The Fourth Circuit affirmed this dismissal in an unpublished opinion filed December 20, 1984 (docket No. 84-1589). In the second case involving the years 1980 and 1981, this Court granted respondent's motion for summary judgment in a bench opinion rendered on January 30, 1985 in Peeples v. Commissioner, docket No. 33131-83. Petitioner also appealed this case and the Fourth Circuit affirmed in a per curiam decision, Peeples v. Commissioner,771 F.2d 77↩ (4th Cir. 1985). In this decision, the Fourth Circuit also affirmed a United States District Court opinion upholding a frivolous return penalty imposed under section 6702 with regard to petitioner's 1982 income tax return.