Robert Stanley PLIMPTON, c/o general delivery, Hazelwood, North Carolina, 828–235–1133, Plaintiff,

v.

Evelyn COOPER; David Francis; Jack Horton; Mary Ann Enloe; Jim Stevens; Haywood County; Tom Alexander, III; and Bobby Suttles, 215 N. Main Street, Waynesville, NC, 28786, Defendants.

Robert–Stanley Plimpton, c/o general delivery, Hazelwood, North Carolina, 828–235–1133, Plaintiff,

v.

Dean Henline, 215 N. Main Street, Waynesville, NC, 28786 (official capacity) and 60 Nesting Ridge, Waynesville, NC, 28786 (individual private capacity), Defendant.

Robert Stanley Plimpton, c/o general delivery, Hazelwood, North Carolina, [28738–9999], Plaintiff,

v.

Dean Henline; Tom Alexander; Don Bramlett, 215 N. Main Street, Waynesville, NC, 28786; Steven J. Bryant and Marlene Hyatt, c/o Justice Bldg., Waynesville, NC, 28786; and Charles Hipps, 256 N. Main Street, Waynesville, NC, 28786, Defendants.

Nos. CIV. 1:01CV29, CIV. 1:01CV30, CIV. 1:01CV31.

United States District Court, W.D. North Carolina, Asheville Division.

Feb. 22, 2001.

Robert Stanley Plimpton, Hazelwood, NC, pro se.

Paul A. Kaplan, Womble, Carlyle, Sandridge & Rice, PLLC, Washington, DC, for defendants.

## MEMORANDUM AND ORDER OF DISMISSAL

THORNBURG, District Judge.

**THESE MATTERS** came before the Court by Order of Transfer from the United States District Court for the District of Columbia, filed January 8, 2001. For the reasons stated below, the undersigned summarily dismisses these actions.

### I. PROCEDURAL HISTORY

*Plimpton v. Cooper, et al.,* Case No. 1:01cv29, was filed in the District of Columbia on September 28, 2000, and the complaint was amended on December 19, 2000. In this action, Plaintiff, who proceeds *pro se,* alleges that the Haywood County Tax Assessor, the Haywood County Tax Collector, the Haywood County Manager, the Chairman of the Haywood County Tax Equalization Board, the Sheriff of Haywood County and a Haywood County Deputy Sheriff violated the Plaintiff's constitutional right to the separation of church and state in May 1999 by denying a property tax exemption to East Fork Ministries. Plaintiff has not alleged his residence in North Carolina but claims "a presence in Haywood County" and professes to have been "granted the chose [sic] in action and all rights in this matter by private contract with East Fork Ministries, Waynesville, North Carolina." In exhibits attached to the original complaint, East Fork Ministries is described as a religious society incorporated in the State of Washington.

*Plimpton v. Henline,* Case No. 1:01cv30, was filed in the District of Columbia on November 13, 2000. In that action, the Plaintiff, again proceeding *pro se,* alleges that Henline, a Haywood County Deputy Sheriff, unlawfully seized him on December 20, 1996. No further details are provided.

*Plimpton v. Henline, et al.*, Case No. 1:01cv31, was filed on July 28, 2000, in the District of Columbia and names as Defendants Deputy Sheriff Henline, the acting Sheriff of Haywood County, a state court magistrate, two state court judges, the Haywood County District Attorney and the County itself. Acting again in a *pro se* status, the Plaintiff alleges claims for declaratory judgment, false arrest, false imprisonment, assault and battery, and the violation of constitutional rights. All of the claims arise from the Plaintiff's arrest on December 14, 1996. Plaintiff also claims these Defendants engaged in racketeering because they "created a fictitious organization through which the Defendants, and others, have stolen the identity of the republic, the State of North Carolina . . . ."

## II. CONSOLIDATION

 Federal Rule of Civil Procedure 42 provides for consolidation "[w]hen actions involv[e] a common question of law or fact . . . to avoid unnecessary costs or delay." Fed.R.Civ.P. 42(a). District courts have the inherent authority to order consolidation *sua sponte. Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444 (4th Cir.1999) (Acknowledging authority although determining inappropriate under the facts.). Case Nos. 1:01cv30 and 1:01cv31 clearly involve common questions of law and fact and consolidation will avoid unnecessary costs and delay. The undersigned therefore consolidates those two actions.

Case No. 1:01cv29 involves the same *pro se* Plaintiff alleging claims against various Haywood County officials. Although the Defendants are not identical, the Plaintiff's claims stem from similar theories of constitutional violations and the undersigned, for purposes of judicial economy, will consolidate it with the other two as well. *Peeples*

*v. Comm'r Internal Revenue*, 771 F.2d 77 (4th Cir.1985).

## III. DISCUSSION

*Plimpton v. Cooper, et al.*, Case No. 1:01cv29

 In this action, Plimpton would assert claims on behalf of a corporation in his *pro se* status. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). For this reason alone, the action must be dismissed.

 In addition, Plimpton seeks declaratory and injunctive relief as well as a refund of taxes. By statute, "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Included as an exhibit to the complaint is a letter from the North Carolina Department of Revenue, dated June 30, 1999, acknowledging the receipt of an application for a hearing and notifying that a hearing date would be scheduled. Exhibit GA–1, *attached to* Complaint. The Tax Injunction Act bars suits in federal court for injunctive relief in state tax cases as well as the grant of declaratory relief or suits for a refund of state taxes. *Lawyer v. Hilton Head Public Service District No. 1.*, 220 F.3d 298 (4th Cir.2000). Likewise, principles of comity prohibit federal courts from exercising jurisdiction over a claim pursuant to 42 U.S.C. § 1983 challenging a state tax as long as the state provides a remedy that is plain, adequate and complete. *Id.* Such is the case here and the action must be dismissed.

*Plimpton v. Henline,* Case No. 1:01cv30 and *Plimpton v. Henline, et al.,* Case No. 1:01cv31

■ In these actions, Plaintiff appears to contest a seizure, apparently an arrest, by Deputy Sheriff Henline which occurred on December 20, 1996, and a traffic stop, by Deputy Sheriff Alexander, which occurred on December 14, 1996. He alleges claims for declaratory judgment, false arrest, false imprisonment, assault and battery, and the violation of constitutional rights. Each of these claims is time-barred. North Carolina imposes a three year statute of limitations for causes of action based on false arrest, false imprisonment, assault and battery. *Staley v. Lingerfelt,* 134 N.C.App. 294, 517 S.E.2d 392 (1999). The incidents alleged to have created the claims occurred in December 1996; thus, any suit must have been begun no later than December 14, 1999.

■ Moreover, the three year statute of limitations provided for personal injury actions by N.C. Gen.Stat. § 1–52(5) applies to actions brought pursuant to 42 U.S.C. § 1983. *Brooks v. City of Winston–Salem,* 85 F.3d 178, 181 (4th Cir.1996). And, a declaratory judgment action " 'is a procedural device used to vindicate substantive rights' " and, as such, it is "barred to the same extent that the claim for substantive relief on which it is based would be barred." *International Ass'n of Machinists & Aerospace Workers v. Tennessee Valley Authority,* 108 F.3d 658, 668 (6th Cir.1997) (quoting *Stone v. Williams,* 970 F.2d 1043, 1048 (2nd Cir.1992)).

■ Plaintiff also claims these Defendants engaged in racketeering because they "created a fictitious organization through which the Defendants, and others, have stolen the identity of the republic, the State of North Carolina ...." Such frivolous allegations do not allege a racketeering activity under 18 U.S.C. § 1961. *Bast v. Cohen, Dunn & Sinclair, P.C.,* 59 F.3d 492, 495 (4th Cir.1995) (Plaintiff's claims were "absurd, utterly lacking any of the factual allegations necessary ..." to state a RICO claim); *Pouncy v. First Virginia Mortgage Co.,* 51 F.3d 267 (table), 1995 WL 140729 (4th Cir.1995) (rejecting tax protestor's claims of RICO).

Finally, the allegations of these complaints amount to nothing more than the frivolous claims routinely asserted by "tax protesters" and those who subscribe to such beliefs. Plaintiff is warned that future frivolous filings in this Court will result in the imposition of sanctions pursuant to Federal Rule of Civil Procedure 11 and the Court's inherent authority.[1]

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that these actions are hereby **CONSOLIDATED** and summarily **DISMISSED** with prejudice in their entirety.

---

**1.** Federal Rule of Civil Procedure 11 provides in pertinent part:

> By presenting to the court ... a pleading ... an ... unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances-
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims ... are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law ...;
> (3) the allegations and other factual contentions have evidentiary support or, ... are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery ....

Fed.R.Civ.P. 11(b).