Gary Ivan **TERRY**, Appellant,

v.

Sarah F. **SPARROW**, Trustee in the Scat, Inc. Bankruptcy Case, Appellee.

Nos. 1:04 CV 432, 1:04 CV 742.

United States District Court,
M.D. North Carolina.

March 30, 2005.

Gary Ivan Terry, Greensboro, NC, pro se.

Sarah Flintom Sparrow, Tuggle Duggins & Meschan, P.A., Greensboro, NC, pro se.

444

## MEMORANDUM OPINION

BEATY, District Judge.

This matter is before the Court on two separate appeals in Bankruptcy Case Number 01–11367, which involves the Chapter 7 bankruptcy of SCAT, Inc. ("SCAT"), a North Carolina Corporation. Appellant Gary Ivan Terry ("Mr. Terry"), who is pro se, is the president of SCAT. Mr. Terry has appealed two rulings by the U.S. Bankruptcy Judge in SCAT's bankruptcy case. In appeal number 1:04CV432, Mr. Terry appeals an order of the Bankruptcy Judge approving a settlement with BB & T in the SCAT bankruptcy. In appeal number 1:04CV742, Mr. Terry appeals an order of the Bankruptcy Judge denying Mr. Terry's motion to vacate the conversion of SCAT's bankruptcy from Chapter 11 to Chapter 7. The Trustee in the SCAT bankruptcy, Sarah F. Sparrow ("Trustee" or "Appellee") has moved to dismiss the appeals.[1] For the reasons discussed below, the motions by the Trustee [Document # 7 in 1:04CV432 and Document # 9 in 1:04CV742] are granted, and all of the appeals are dismissed.

## I. FACTUAL BACKGROUND

During the 1990s, Mr. Terry operated a business known as SCAT, Inc. ("SCAT"), a North Carolina Corporation that purchased above-ground storage tanks and then supplied the tanks to various customers and federal agencies. In 1995, SCAT was awarded a New Item Program contract with the Federal Supply Service of the General Services Administration ("GSA"). In 1996, as a result of what Mr. Terry contends was a bureaucratic mix-up, SCAT received two sets of orders for above-ground storage tanks for the Arkansas National Guard, when only one set of orders was actually intended to be made. SCAT invoiced GSA for both sets of orders, resulting in an overpayment of $545,161.20 to SCAT. GSA subsequently sought repayment of that amount, contending that Mr. Terry instigated the overpayment and never delivered or attempted to deliver more than one set of tanks. GSA also contended that Mr. Terry prepared falsified documents to avoid repaying the $545,161.20. In addition, GSA contended that with regard to a separate, unrelated order, Mr. Terry caused SCAT to invoice GSA multiple times for the same shipping charges, resulting in SCAT receiving triple payment for an $8,300.00 shipping charge.

On October 29, 1999, the United States Attorney in Missouri brought a civil action against Mr. Terry and SCAT seeking to recover $1.8 million under the False Claims Act, based on the amount of the overpayments to SCAT, which were trebled under the False Claims Act, as well as civil penalties for each false claim. The Government claimed that a review of the documentation submitted by Mr. Terry revealed that several documents were fabricated and were submitted fraudulently in

**1.** The Court notes that Mr. Terry listed the "Bankruptcy Administrator" as the appellee in his appeal brief, and in subsequent briefs named the Chapter 11 trustee, Amos R. Kearns, as the appellee. However, the Bankruptcy Administrator is an administrative officer of the Bankruptcy Court and is not a proper party in this appeal. In addition, once the Chapter 11 case was converted to Chapter 7, Mr. Kearns was relieved of his duties to the SCAT Bankruptcy Estate. The Bankruptcy

Court appointed Ms. Sparrow as Chapter 7 Trustee to represent the Bankruptcy Estate. Ms. Sparrow, as Trustee, was a party to the bankruptcy orders under appeal. The Trustee has acted as Appellee in this appeal, and has responded to the appeals and moved to dismiss each of the appeals. Therefore, the Court concludes that the Trustee is the proper Appellee, and Mr. Terry's naming of the Bankruptcy Administrator and the former Chapter 11 trustee will be disregarded.

an attempt to avoid repayment, including falsified signatures, falsified invoices, and similar fraudulent documents. The Government ultimately chose to pursue criminal charges, and Mr. Terry and SCAT were indicted on various charges related to these events. On September 26, 2001, Mr. Terry pled guilty to charges of Making a False Statement of a Material Fact to an Agency of the United States, in violation of 18 U.S.C. § 1001, and Obstruction of Justice, in violation of 18 U.S.C. § 1512(b). SCAT also pled guilty, and criminal judgments were entered against Mr. Terry and SCAT. On October 5, 2001, Mr. Terry was sentenced to 15 months imprisonment, 3 years of supervised release, and restitution in the amount of $545,161.20. Mr. Terry appealed, and the Judgment was affirmed by the United States Court of Appeals for the Eighth Circuit on June 27, 2002.

On March 19, 2001, while the civil litigation against Mr. Terry was pending and prior to the initiation of the criminal proceedings, Mr. Terry filed an individual Chapter 13 Bankruptcy Petition in the Middle District of North Carolina pursuant to Title 11 of the United States Code. Mr. Terry's Chapter 13 Petition was ultimately dismissed because the debts exceeded the statutory limits in 11 U.S.C. § 109 for a Chapter 13 bankruptcy. Mr. Terry thereafter filed a personal Chapter 7 Bankruptcy Petition. Both of these cases are the subject of separate appeals and will not be addressed further in this opinion.

During this time period, on May 17, 2001, SCAT, through counsel, filed a Chapter 11 petition in the Bankruptcy Court. SCAT was unable to reorganize, and on December 5, 2001, SCAT's counsel filed a consent motion to convert the case from Chapter 11 to Chapter 7. Mr. Terry signed the motion consenting to the conversion from Chapter 11 to Chapter 7. As a result of the consent motion, the Bankruptcy Judge entered an order converting the case from Chapter 11 to Chapter 7 (the "conversion order"). When the case was converted to Chapter 7, Sarah F. Sparrow was appointed as Trustee for SCAT. Nearly two years after the conversion order was entered, Mr. Terry, attempting to act on behalf of SCAT, filed a motion to vacate the conversion order. The Bankruptcy Judge dismissed the motion because it was not signed by a licensed attorney. Mr. Terry filed a second motion to vacate the conversion order, and on May 13, 2004, the Bankruptcy Judge entered an order denying the motion as unsupported by any evidence and as an impermissible pro se filing by a corporation. Mr. Terry appeals this ruling in case number 1:04CV742.

As part of the administration of the estate, the Trustee settled a claim with BB & T and agreed to pay BB & T $35,200.00 in settlement of a debt owed by SCAT to BB & T. Mr. Terry objected to the settlement based on his allegations of various constitutional violations. At a hearing on February 24, 2004, the Bankruptcy Judge approved the settlement and denied Mr. Terry's motion to vacate the settlement. Mr. Terry appeals that ruling in case number 1:04CV432. The Bankruptcy Court denied Mr. Terry's motion for reconsideration and his request to proceed in forma pauperis.

In both of the appeals, Mr. Terry seeks to relitigate his underlying contract dispute with the government agencies, and makes various accusations against all involved of fraud and violation of his constitutional rights. As the cases have progressed, Mr. Terry has extended his argument to include the Bankruptcy Trustee and the United States Bankruptcy Judge as part of his allegations of a conspiracy by all involved to deprive Mr.

Terry of his rights by engaging in alleged fraudulent or unethical conduct.

## II. FAILURE OF SCAT TO APPEAR THROUGH LICENSED COUNSEL

 Under well established federal law, "a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201–02, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993). Under this rule, a corporation is not permitted to appear pro se. *Id.* Numerous cases have considered and affirmed this principle. *See, e.g., Plimpton v. Cooper,* 141 F.Supp.2d 573, 575 (W.D.N.C.2001) (dismissing claims brought pro se on behalf of a corporation based on lack of licensed counsel), *aff'd,* 21 Fed.Appx. 159 (4th Cir.2001); *Carrico v. Village of Sugar Mountain,* 114 F.Supp.2d 422, 424 (W.D.N.C.2000) (holding that a corporate plaintiff's claims must be dismissed on the ground of failure of any attorney to appear for the corporation), *aff'd,* 13 Fed.Appx. 79 (4th Cir.2001); *Microsoft Corp. v. Computer Serv. & Repair, Inc.,* 312 F.Supp.2d 779, 782 (E.D.N.C. 2004) (striking a corporation's pleadings where they were signed by the corporation's president but not by an attorney); *Gilley v. Shoffner,* 345 F.Supp.2d 563, 566 (M.D.N.C.2004); *see also Battle v. Kadosh, Inc.,* 238 F.3d 410 (unpublished), 2000 WL 1793066 (4th Cir.2000) (dismissing a corporation's appeal because the notice of appeal was not signed by an attorney).

In the bankruptcy context, Federal Rule of Bankruptcy Procedure 9010 provides that an individual may appear in Bankruptcy Court on his or her own behalf, but the comments to Rule 9010 make clear that this rule is not designed to change the general rule precluding corporations from appearing pro se. In this District, Local Bankruptcy Rule 9011–2 affirms that "[a]ll ... corporations ... must be represented by an attorney duly admitted to practice before the Bankruptcy Court." Numerous cases have affirmed this rule in the bankruptcy context. *See, e.g., In re Las Colinas Dev. Corp.,* 585 F.2d 7, 13 (1st Cir. 1978) ("One of the time-hallowed restrictions on corporations has been that, in court proceedings, they must be represented by a licensed attorney. There is nothing unfair, illegal or unconstitutional in this requirement."); *In re WHET, Inc.,* 33 B.R. 438, 442 (Bankr.D.Mass.1983) ("The interests of a corporation in a Chapter 11 proceeding can only be represented by a licensed attorney and not by a nonlawyer officer ....."). In a particularly relevant, although unbinding, unpublished decision, the Court of Appeals of the Fourth Circuit in 2001 specifically addressed this issue in the context of a bankruptcy appeal and held that a corporate president could not bring a pro se appeal on behalf of the corporate debtor. *See Pritchard v. Lubman (In re Tamojira, Inc.),* 20 Fed.Appx. 133 (4th Cir.2001) (granting motion to dismiss appeal for lack of jurisdiction where corporate president attempted to bring pro se appeal of bankruptcy court's orders, since "it is well settled that a corporation must be represented by an attorney in federal court").

In the present case, SCAT was initially represented by counsel when it filed a voluntary Chapter 11 petition. However, no attorney for SCAT has made an appearance in either of the present appeals. The notices of appeal were signed by Mr. Terry, purporting to act on behalf of SCAT, and all of the pleadings and motions have been signed by Mr. Terry, who is not a licensed attorney. Mr. Terry has not obtained authorization from the Bankruptcy Court to appear on behalf of SCAT, and Mr. Terry's efforts to act on behalf of SCAT have been substantially disruptive and have not been in good faith. *Cf. Las Colinas,* 585 F.2d at 11 ("Obstinate persis-

tence in an undeviating course of conduct is not a showing of good faith."). Based on the authority cited above, this Court concludes that SCAT may not appear pro se. Furthermore, the Court finds and concludes that Mr. Terry may not bring these appeals on behalf of SCAT without the appearance of a licensed attorney. Therefore, the Trustee's Motion to Dismiss in case number 1:04CV432 [Document # 7] and Motion to Dismiss in case number 1:04CV742 [Document # 9] will be granted, and both appeals will be dismissed. All of the remaining motions by Mr. Terry [Document # 3, 4, 10, 11, 15, 23 in 1:04CV432 and Document # 5 in 1:04CV742] will likewise be denied, since they were not signed or submitted by an attorney for SCAT. Moreover, even if the Court were to consider the substance of the appeals, the appeals would nevertheless be dismissed because they are baseless and without merit, as discussed below.

### III. APPROVAL OF BB & T SETTLEMENT (APPEAL 1:04CV432)

 Mr. Terry first appeals the Bankruptcy Court's approval of the Trustee's settlement with BB & T. A Bankruptcy Court "has the authority to approve a compromise of a claim pursuant to Bankruptcy Rule 9019(a)." *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir.1995). "The ultimate issue on appeal is whether the bankruptcy court abused its discretion when it approved the compromise, which is a process requiring the bankruptcy court to 'assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal.'" *Id.* (citations omitted); *see also Fuentes v. Stackhouse*, 182 B.R. 438, 440 (E.D.Va.1995) ("Approvals of bankruptcy settlements are reviewed for abuse of discretion by the bankruptcy court.").

In the present case, Mr. Terry does not state a specific basis for this appeal, other than his general contentions regarding fraud or misconduct that violated his constitutional rights. This Court has reviewed Mr. Terry's allegations relating to the settlement with BB & T, and the Court concludes that the appeal is baseless and without merit. The record provides ample basis for approval of the settlement with BB & T. The settlement was in the best interests of the Bankruptcy Estate given the facts of this case, and Mr. Terry has not shown this decision to be an abuse of discretion. The substance of Mr. Terry's argument focuses on his contention that there was fraud on the Bankruptcy Court regarding the settlement. However, Mr. Terry presents no evidence of any actual fraud. Mr. Terry's allegations focus on his contentions regarding the underlying civil and criminal claims brought against him and against SCAT in Missouri, which have no bearing on the present appeal. After reviewing the record and the pleadings, this Court finds that there is no evidence of any fraud on the Bankruptcy Court, and the Bankruptcy Judge's approval of the settlement was well-supported and was not an abuse of discretion. Thus, Mr. Terry has presented no basis for vacating the settlement, and this appeal is appropriately dismissed.

### IV. CONVERSION FROM CHAPTER 11 TO CHAPTER 7 (APPEAL 1:04CV742)

 Mr. Terry also appeals the Bankruptcy Court's order converting the SCAT bankruptcy from Chapter 11 to Chapter 7. Mr. Terry requests that the conversion order be vacated pursuant to Rule 60(b), which allows a party to move for relief from an order or judgment on the basis of fraud, misrepresentation or misconduct, or for any other reason justifying relief from the operation of the order or judgment.

However, if a party seeks Rule 60(b) relief based on allegations of fraud or misconduct, the motion must be brought within one year of the entry of the judgment or order. In this case, the Court notes that the conversion order was entered on December 12, 2001, and was not appealed. Mr. Terry did not move to vacate the conversion order until April 23, 2004, over 2 years after the order was entered, and his Rule 60(b) motion based on allegations of fraud or misconduct is therefore untimely.

 Moreover, even if the Court considers the substance of Mr. Terry's motion, Mr. Terry has failed to present any basis for vacating the conversion order. Terry's allegations focus on his dispute with GSA and with the federal officials involved in the claims brought against Mr. Terry and against SCAT in Missouri. Mr. Terry had every opportunity to present his contentions during the criminal proceedings against him and the subsequent appeal, and his continuing allegations of fraud and conspiracy against these various federal officials are not relevant to the present appeal. A bankruptcy proceeding may not be used as a forum to mount a collateral attack on a final criminal judgment. With respect to his allegations of fraud on the Bankruptcy Court, collusion, breach of fiduciary duty, or conflict of interest, the Court finds that Mr. Terry's allegations are baseless and do not demonstrate any fraud or misconduct by any individuals involved in the bankruptcy case. Finally, the Court notes that Mr. Terry consented to the motion to convert the bankruptcy from Chapter 11 to Chapter 7. The evidence establishes that SCAT had multiple creditors, including the federal government, and SCAT was unable to reorganize under Chapter 11. Therefore, there was no basis to vacate or set aside the conversion order, and Appellant's Motion to Dismiss [Document # 9] as to this appeal will be granted.

## V. ADDITIONAL MOTIONS BY MR. TERRY

 Mr. Terry has also moved for Declaratory Judgment [Document # 4, 10 in 1:04CV432] requesting this Court (1) to declare the process by which the Bankruptcy Administrator appoints Chapter 7 trustees under Title 11 to be in violation of the due process of law and (2) to enjoin the Bankruptcy Administrator from further employing such practices. The Court notes first that Mr. Terry's claims are procedurally barred on appeal because Mr. Terry failed to raise these issues in the Bankruptcy Court and failed to properly invoke the jurisdiction of the Bankruptcy Court. In addition, the Court notes that it is the Bankruptcy Court, not the Bankruptcy Administrator, that appoints the individual trustees. Mr. Terry has failed to set forth any non-frivolous argument that the procedures employed by the Bankruptcy Court and Bankruptcy Administrator are unconstitutional. Therefore, Mr. Terry's Motions for Declaratory Judgment [Document # 4, 10 in 1:04CV432] are denied.

 Mr. Terry has also moved to consolidate all of his appeals, including appeals involving separate bankruptcy cases. The Court finds that the interests of efficiency and judicial economy would not be served by allowing the Motion to Consolidate. Each bankruptcy case involves a separate entity with a separate Bankruptcy Estate. In addition, the appeals raise different issues to be considered by the Court, and consolidating the appeals would result in unnecessary confusion. Therefore, Mr. Terry's Motions to Consolidate [Document # 23 in 1:04CV432 and Document # 5 in 1:04CV742] will be denied.

## VI. WITHDRAWAL OF THE CASE FROM THE BANKRUPTCY COURT

 Finally, Mr. Terry has moved for withdrawal of SCAT's case from the Bankruptcy Court [Document #15 in 1:04CV432]. Mr. Terry contends that because the Bankruptcy Court is not an "Article III" Court, the exercise of jurisdiction by the Bankruptcy Court has deprived SCAT of its due process rights. Under 28 U.S.C. § 1334, the District Court has original and exclusive jurisdiction over a Title 11 case, but the District Court may refer jurisdiction to the Bankruptcy Court in all cases under Title 11 and in any or all proceedings arising under Title 11 or related to a case under Title 11. *See* 28 U.S.C. § 1334, 28 U.S.C. § 157. Pursuant to 28 U.S.C. § 157(d), the District Court may, and in some cases must, withdraw a reference of the proceedings in whole or in part. Under this provision, the District Court must withdraw a referral to the Bankruptcy Court if "resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Mandatory withdrawal thus applies if a proceeding "arises in a Title 11 case and presents a non-Title 11 federal question which will affect the outcome of the proceeding." *In re Contemporary Lithographers, Inc.,* 127 B.R. 122, 127 (M.D.N.C.1991); *see also In re U.S. Airways Group, Inc.,* 296 B.R. 673, 679 (E.D.Va.2003) (noting that "an issue or question of non-bankruptcy federal law must be essential or material to the disposition of the bankruptcy proceeding before withdrawal of the reference is mandated").

In the present case, Mr. Terry has not identified any non-bankruptcy laws that are determinative of any issue in the Chapter 7 case. Mr. Terry's contentions focus on his efforts to dispute the claims against him and SCAT in Missouri. However, Mr. Terry has not identified any proceeding or issue of federal law regarding these issues that has properly arisen in the Title 11 case. Mr. Terry's attempt to collaterally attack the criminal judgment against him is outside the scope of the bankruptcy proceedings, and does not indicate any federal question that is appropriately considered in the bankruptcy cases. Therefore, the provisions of § 157(d) do not require mandatory withdrawal of this case from the Bankruptcy Court.

 Moreover, Mr. Terry has failed to establish any basis for discretionary withdrawal in this case. Under § 157(d), a court may withdraw the reference to the Bankruptcy Court for "cause shown." Mr. Terry has failed to establish that any withdrawal of the reference would be more efficient or just, particularly since the Bankruptcy Court is also handling numerous other related matters in which Mr. Terry is involved. Thus, "keeping the reference in place in this case at this time both expedites the process and helps ensure the uniform administration of bankruptcy proceedings." *In re U.S. Airways Group,* 296 B.R. at 682 (noting various factors for discretionary withdrawal). Therefore, this Court in the exercise of its discretion declines to withdraw the case from the Bankruptcy Court. For all of these reasons, Mr. Terry's Motion to Withdraw [Document #15 in 1:04CV432] is denied.

## VII. CONCLUSION

For the reasons discussed above, the Court concludes that Appellee's Motion to Dismiss the Appeal [Document #7 in 1:04CV432] is granted and Appellee's Motion to Dismiss the Second Appeal [Document #9 in 1:04CV742] is also granted. Mr. Terry's various motions which he has attempted to bring on behalf of SCAT

[Document # 3, 4, 10, 11, 15, 23 in 1:04CV432 and Document # 5 in 1:04CV742] are denied, and these appeals are dismissed in their entirety.

In addition, as noted in other opinions of this Court issued in separate cases involving Mr. Terry, the Court notes that Mr. Terry currently has pending before this Court over 30 motions in 7 separate bankruptcy appeals. Mr. Terry continues to file various appeals, all based on the same general contentions disputing the underlying civil and criminal claims against him. However, Mr. Terry has apparently paid the filing fee with respect to only one of these appeals. While the Court will separately address all of the remaining matters that are presently pending before it, given this background, the Court in its discretion concludes that Mr. Terry should not be permitted to bring any further appeals on behalf of SCAT without the appearance of a licensed attorney, and SCAT must be required to pay the standard fee for filing any future appeals. Therefore, the Clerk of Court is hereby directed that no future bankruptcy appeals by SCAT, or by Mr. Terry on behalf of SCAT, are to be accepted unless the Notice of Appeal is signed by a licensed attorney on behalf of SCAT and is accompanied by payment in full of the required filing fee.

An Order and Judgment consistent with this Memorandum Opinion will be filed contemporaneously herewith.

### ORDER AND JUDGMENT

For the reasons discussed in the Memorandum Opinion filed contemporaneously herewith, the Court concludes that Appellee's Motion to Dismiss the Appeal [Document # 7 in 1:04CV432] is GRANTED, and Appellee's Motion to Dismiss the Second Appeal [Document # 9 in 1:04CV742] is also GRANTED. Appellant Gary I. Terry's various motions which he has attempted to bring on behalf of SCAT [Doc-

ument # 3, 4, 10, 11, 15, 23 in 1:04CV432 and Document # 5 in 1:04CV742] are DENIED, and these appeals are DISMISSED in their entirety.

The Court also notes that Mr. Terry currently has pending before this Court over 30 motions in 7 separate bankruptcy appeals. Mr. Terry continues to file various appeals, all based on the same general contentions disputing the underlying civil and criminal claims against him. However, Mr. Terry has apparently paid the filing fee with respect to only one of these appeals. While the Court will separately address all of the remaining matters that are presently pending before it, given this background, the Court in its discretion concludes that Mr. Terry should not be permitted to bring any further appeals on behalf of SCAT without the appearance of a licensed attorney, and SCAT must be required to pay the standard fee for filing any future appeals. Therefore, the Clerk of Court is hereby directed that no future bankruptcy appeals by SCAT, or by Mr. Terry on behalf of SCAT, are to be accepted unless the Notice of Appeal is signed by a licensed attorney on behalf of SCAT and is accompanied by payment in full of the required filing fee.