# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 13-6052

_____

In re: Bryan S. Behrens

*Debtor*

------------------------------

Bryan S. Behrens

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Nebraska - Omaha

_____

Submitted: January 14, 2014
Filed: February 12, 2014

_____

Before SCHERMER, NAIL and SHODEEN, Bankruptcy Judges.

_____

NAIL, Bankruptcy Judge.

Debtor Bryan S. Behrens appeals the September 10, 2013 order of the bankruptcy court[1] dismissing his adversary complaint for failure to state a claim upon which relief could be granted. We affirm.

BACKGROUND

In July 2008, as part of a consent judgment entered against Behrens in a civil action brought by the Securities and Exchange Commission, the United States District Court for the District of Nebraska appointed a receiver for Behrens and a related entity. In March 2009, on the receiver's motion, the district court stayed–with three enumerated exceptions–"[a]ll litigation and/or proceedings naming . . . Behrens . . . as [a] part[y] . . . until further order" of the district court. One of the enumerated exceptions was the civil action brought by the Securities and Exchange Commission that resulted in the consent judgment and the receiver's appointment.

In April 2009, Behrens was indicted on federal criminal charges, and in November 2011, the district court entered a judgment that sentenced Behrens to sixty months in prison and ordered him to make restitution. According to Behrens, the restitution was to benefit the same individuals who were to benefit from the civil receivership.

In March 2013, Behrens filed a *pro se* petition for relief under chapter 11 of the bankruptcy code. After first dismissing the case, the bankruptcy court later reinstated it and converted it to chapter 7.

Behrens then commenced an adversary proceeding against the United States of America. By his complaint, which he entitled "Adversary Complaint to Determine

[1]The Honorable Thomas L. Saladino, Chief Judge, United States Bankruptcy Court for the District of Nebraska.

the Validity of the Claim of the Justice Department," Behrens asked the bankruptcy court to void the government's restitution lien and order the government to return all the funds and property it had collected. Behrens contended the government's criminal prosecution of him and its continued efforts to collect on the restitution judgment violated both the district court's March 2009 order staying litigation and proceedings against him and the automatic stay provided for by 11 U.S.C. § 362. The United States moved to dismiss, in part because it alleged Behrens was attempting to collaterally attack the validity of the criminal judgment, as he had already unsuccessfully attempted to do in the district court.

The bankruptcy court dismissed Behrens's complaint under Fed.R.Civ.P. 12(b) for his failure to state a claim upon which relief could be granted, concluding "[Behrens's] complaint seeks to collaterally attack the validity of a pre-petition judgment entered by the United States District Court. [Behrens] may not use a bankruptcy adversary proceeding to collaterally attack a pre-petition judgment." Behrens timely appealed the bankruptcy court's order, raising several issues, all of which relate to his claim that the criminal judgment is invalid because the government allegedly failed to obtain the district court's permission before commencing the criminal case against him.

STANDARD OF REVIEW

We review *de novo* the bankruptcy court's grant of a motion to dismiss for failure to state a claim. *See Brown v. Mortgage Electronic Registration Systems, Inc.*, 738 F.3d 926, 934 (8th Cir. 2013).

DISCUSSION

The bankruptcy court correctly dismissed Behrens's adversary complaint. If he has "a valid and compelling argument" challenging the validity of the criminal

judgment from which the restitution debt and attendant lien arose, Behrens will need to make that argument to the district court that entered the judgment. *Mitrano v. United States* (*In re Mitrano*), 468 B.R. 795 (E.D. Va. 2012). Any lien held by the United States arose from the criminal judgment, and Congress has specifically given criminal judgments, including restitution awards and attendant liens, special protection from discharge in bankruptcy. *See, e.g.,* 11 U.S.C. § 523(a)(13) and 18 U.S.C. §§ 3613(e), 3663, 3663A, and 3664. Behrens did not challenge the validity, priority, or extent of the government's lien on any grounds other than his contention that the government's criminal action violated the district court's stay of actions and proceedings against him. He thus failed to present any issues the bankruptcy court could appropriately decide.

Finally, Behrens did not specifically identify or quantify under 11 U.S.C. § 362(k) any damages arising from the government's alleged violation of the automatic stay for the bankruptcy court to consider.[2] Any alleged damages to which Behrens alluded in his complaint arose only from his criminal conviction and the alleged violation of the district court's stay.

"A bankruptcy proceeding may not be used as a forum to mount a collateral attack on a final criminal judgment." *Terry v. Sparrow*, 328 B.R. 442, 448 (M.D.N.C. 2005). That is all Behrens's adversary complaint did. Consequently, the bankruptcy court did not err in dismissing it.

---

[2] The government stated in its brief it did not receive timely notice of the filing of Behrens's bankruptcy and is not currently attempting to collect on the restitution judgment.

CONCLUSION

For the foregoing reasons, we affirm the bankruptcy court's order dismissing Behrens's adversary complaint for failure to state a claim upon which relief could be granted.

———————————————————